## ECHANDI v. THE REGISTRAR OF PROPERTY.

## APPEAL from a decision of the Registrar of Property of Arecibo.

### No. 122.—Decided October 31, 1912.

POWER OF ATTORNEY—EXPRESS POWER OF ATTORNEY IN FACT—DISSOLUTION AND LIQUIDATION OF MERCANTILE PARTNERSHIP — ADJUDICATION OF PROPERTY OF PARTNERSHIP.—An attorney-in-fact having express power from the only heir of one of the members of a mercantile partnership to dissolve and liquidate the same lacks the power to adjudicate one of the estates of said partnership to another member in payment of his corresponding interest in the dissolved partnership.

POWERS OF LIQUIDATORS.—In accordance with article 228 of the Code of Commerce, the powers of the liquidators of a mercantile partnership are limited to receiving the credits of the partnership, extinguishing its obligations previously contracted as they fall due, and executing pending transactions.

ATTORNEY IN FACT—EXPRESS POWER OF ATTORNEY IN FACT—ADJUDICATION OF PROPERTY OF PARTNERSHIP—ALIENATION.—The act of adjudicating the property of a partnership in liquidation to one of the members in payment of his share of the assets in the dissolved partnership constitutes a real act of alienation, which, according to section 1605 of the Revised Civil Code, cannot be performed by an attorney-in-fact without express power therefor.

The facts are stated in the opinion.

*Mr. Manuel Paz Urdaz* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed executed on May 7, 1903, in the city of Bermeo, Vizcaya, Spain, before Notary Lorenzo de Begoña, Pascuala de Otazabal y Lartitegui, a resident of said city, conferred upon Adolfo Egüen y Otazabal, of Barceloneta, Porto Rico, power of attorney "to dissolve and liquidate any mercantile or civil partnership or partnerships in the Island of Porto Rico in which her deceased son, Eugenio Jaureguizar y Otazabal, may have been interested as a partner; to approve or disapprove any transactions or any acts or contracts entered into by him and his partner or partners, as well as such inventories, balances, etc., as were already made or which may be made; to appoint experts and liquidators, and

to establish such bases, stipulations and conditions as he may deem necessary for a complete and prompt liquidation.''

By another public deed executed in the city of Arecibo on July 21, 1909, before Notary Manual Paz Urdaz, Francisco Echandi Alemán in his own right and Adolfo Egüen Otazabal as the representative of Pascuala Otazabal Lartitegui, the sole and universal heir of Eugenio Jaureguizar Otazabal, dissolved the firm of Jaureguizar & Co. constituted by Francisco Echandi Alemán and Eugenio Jaureguizar Otazabal in a public deed of April 8, 1892, and to facilitate the distribution of the capital of the partnership without loss to any of the participants, Pascuala Otazabal Lartitegui by and through her attorney in fact acknowledged having already received as her share in the assets of the partnership as successor in interest of the deceased Jaureguizar certain nonrecordable properties, and Echandi Alemán was allotted, in satisfaction of his share in the assets of the firm, with the right to the free disposition thereof, all the properties and rights of the said partnership including a country estate known by the name of ''La Chacoteca,'' situated in *barrio* Florida of the Municipality of Manatí, formerly of Barceloneta, containing 45 *cuerdas* of land, the boundaries of which are recited in the instrument.

The above-mentioned deed of July 21, 1909, was presented in the Registry of Property of Arecibo for admission to record so far as relates to the country estate above referred to, but the registrar refused to admit the same to record, and thereon indorsed his reasons therefor as follows:

''Admission to record of the country estate referred to in the foregoing notice of presentation is refused because the attorney in fact, Adolfo Egüen Otazabal, has power only to dissolve and liquidate the mercantile partnership, Jaureguizar & Co., and is not expressly authorized to alienate or assign the property of said partnership. In view of the provisions of article 227 *et seq.* of the Code of Commerce and of the decisions of the Supreme Court of November 27, 1903 (4 P. R. R., 525), and December 21, 1905 (9 P. R. R., 519), respectively, and in

compliance with the provisions of section 7 of the Act of March 1, 1902, a cautionary notice effective for 120 days is entered on page 222 (reverse) of volume 19 of Barceloneta, estate No. 102, duplicate, entry letter A. Arecibo, July 2, 1912. A. Malaret, Substitute Registrar.''

This decision of the registrar is now before us for consideration on an appeal taken therefrom by Francisco Echandi Alemán and Adolfo Egüen Otazabal, the latter as attorney in fact of Pascuala Otazabal Lartitegui.

The only question to be decided in this appeal is whether Adolfo Egüen Otazabal as attorney in fact of Pascuala Otazabel Lartitegui had power under the instrument executed on May 7, 1903, to allot to Francisco Echandi Alemán in payment of his share in the assets, among other properties and rights of the partnership of Jaureguizar & Co., the country estate known as ''La Chacoteca'' belonging to said partnership of which Francisco Echandi Alemán and Eugenio Jaureguizar Otazabal, whose successor is now Pascuala Otazabal Lartitegui, were the only members.

It is an uncontroverted fact that under the power of attorney of May 7, 1903, Adolfo Egüen Otazabal was authorized by Pascuala Otazabal Lartitegui as heir of her son, Eugenio Jaureguizar Otazabal, to dissolve and liquidate the partnership of Jaureguizar & Co., of which Echandi Alemán and Eugenio Jaureguizar were partners, but inasmuch as under section 228 of the Code of Commerce the powers of the liquidators of a mercantile partnership are restricted to collecting the credits of the association, to extinguishing the obligations previously contracted as they fall due, and to realizing pending transactions, the conclusion necessarily is reached that Adolfo Egüen Otazabal had no power as the attorney of Pascuala Otazabal Lartitegui to allot to Francisco Echandi Alemán the ''Chacoteca'' estate, with other properties, in satisfaction of his share in the assets of the partnership of Jaureguizar & Co.

The powers of Adolfo Egüen Otazabal were restricted to the performance of such acts as his power of attorney allowed,

and as among these the right to convey or sell real property was not included (and that is what the allotment of the "Chacoteca" estate to Echandi amounts to), for which conveyance the attorney would need the express authorization of his principal according to section 1605 of the Civil Code, it is obvious that such allotment is null because it was effected in violation of the provisions of said sections.

And it may not be said that by a subsequent deed executed on November 25, 1909, by Pascuala Otazabal y Lartitegui in favor of Adolfo Egüen y Otazabal the latter was authorized to sell such property or properties as belonged to his principal as heir of her deceased son, Eugenio Jaureguizar y Otazabal, and to ratify all the deeds of bargain and sale executed whereby the allotment of the "Chacoteca" estate to Francisco Echandi Alemán would be ratified; for even presuming that the Registrar of Arecibo had said deed before him when he refused to make the entry requested, as is alleged by the appellant, still the fact would remain that the allotment was not ratified in due form and that the substantial defect affecting the allotment had not been remedied in any manner.

For the reasons stated we are of the opinion that the decision appealed from should be affirmed.

*Affirmed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.